UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BRT MANAGEMENT LLC,<br>  Plaintiff<br><br>v.<br><br>MALDEN STORAGE LLC, PLAIN<br>AVENUE STORAGE LLC, and BANNER<br>DRIVE STORAGE, LLC<br>  Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**PARTIES AND JURISDICTIONAL STATEMENT**

1. The Plaintiff, BRT Management LLC (hereinafter, "BRT"), is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with a usual place of business in North Pembroke, Massachusetts.

2. The Defendant, Plain Avenue Storage LLC (hereinafter, "Plain Avenue Storage"), is a limited liability company organized and existing under the laws of the State of Delaware, with a usual place of business in Northbrook, Illinois and registered to do business in the State of New York.

3. The Defendant, Malden Storage LLC (hereinafter, "Malden Storage"), is a limited liability company organized and existing under the laws of the State of Delaware, with a usual place of business in Northbrook, Illinois and registered to do business in the Commonwealth of Massachusetts.

4. The Defendant, Banner Drive Storage LLC (hereinafter, "Banner Drive Storage"), is a

limited liability company organized and existing under the laws of the State of Delaware, with a usual place of business in Northbrook, Illinois and but not registered to do business in either the Commonwealth of Massachusetts or the State of New York.

5. This matter arises out of the breach of two design-build construction contracts.

6. The first contract is between BRT, as Design-Builder, and Plain Avenue Storage, as Owner, for the design and construction of a storage facility in New Rochelle, Westchester County, New York.

7. The second contract is between BRT, as Design-Builder, and Malden Storage, as Owner, for the design and construction of a storage facility in Malden, Middlesex County, Massachusetts.

8. In both contracts Banner Drive Storage is identified as the "Owner's Designated Representative".

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332.  This Court has original jurisdiction over the above-captioned action because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

10. Pursuant to 28 U.S.C. § 1391, venue is appropriate in the Commonwealth of Massachusetts because it is the residence of the Plaintiff and a substantial part of the events or omissions giving rise to the claims occurred in Massachusetts.

**COUNT I**
*(Breach of Contract – Plain Avenue Storage)*

11. The Plaintiff incorporates paragraphs one, two, four, six, and eight through ten above as if fully restated herein.

12. On or about January 8, 2016 BRT, as Design-Builder, and Plain Avenue Storage, as Owner, entered into a written contract for the design and construction of a storage facility

(hereinafter, the "Banner Storage Facility") to be located at 22 Plain Avenue in New Rochelle, New York (hereinafter, the "New Rochelle Agreement").[1]

13. The project was scheduled to be completed within twelve months.

14. Because of the twelve month schedule, the parties agreed that BRT would invoice its general conditions in $1/12^{th}$ of the total amount each month together with the subcontractor costs incurred for each month.

15. The parties further agreed that the subcontractors would be paid by a third party escrow agent who would obtain the appropriate documentation for such payments each month.

16. The Project was initially delayed from starting construction until April, 2016 and Plain Avenue Storage did not pay any of BRT's monthly requisitions as required under the contract.

17. In June, 2016 there was discovered a "differing site condition" as defined under the contract in that part of the underlying foundation wall was non-existent and/or could not support the renovations to the building.

18. Plain Avenue Storage did not follow the contractual requirements of resolving the changed condition and forced a delay to the project as no meaningful other work could be conducted.

19. In the meantime, most of the work on the project ceased until that problem was resolved but BRT was forced to maintain its forces on the project while waiting for written authorization from Plain Avenue Storage to proceed with the remedial work.

20. BRT submitted change orders for the work that was necessary to overcome and resolve the changed condition, but although Plain Avenue Storage acknowledged the problem, it would not sign any of the related change orders despite repeated promises to do so.

---

[1] The contract provided that its effective date was October 27, 2015.

21. Plain Avenue Storage ceased making payments on all requisitions submitted by BRT in July, 2016.

22. On or about September 13, 2016, William Henry, the Owner's representative orally notified Brian Wallace, BRT's representative, that Plain Avenue Storage intended to terminate its contract with BRT for the convenience of the owner.

23. Under the contract terms, a termination for convenience would have required Plain Avenue Storage to pay for all work performed to that termination date.

24. Notwithstanding that representation, on September 21, 2016 Mr. Henry served Mr. Wallace with a letter stating that the Owner was "opting to terminate the Contract for Cause" falsely alleging that BRT had "repeatedly failed to supply enough properly skilled workers and proper materials to advance the Project" and that BRT was "in breach of several provisions of the Design-Build Documents...."

25. Under the contract, a termination for cause gave Plain Avenue Storage the basis for continued non-payment of all requisitions.

26. BRT immediately responded to the termination letter in writing vehemently denying all of the allegations contained in Mr. Henry's letter.

27. As the allegations in the Henry letter are specious, the purported termination by Plain Avenue Storage is wrongful and a breach of contract.

28. Further, the failure of Plain Avenue Storage to make payments to BRT and its subcontractors and to process change orders in accordance with the contract terms, is a breach of contract.

29. BRT has been damaged by the wrongful termination and the breach of the terms of the Contract by Plain Avenue Storage.

    WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment against the

Defendant, Plain Avenue Storage LLC, in the amount of $892,646.71 plus interest, costs, attorney's fees and such other relief as this Court may deem fair and just.

## COUNT II
### *(Quantum Meruit and Unjust Enrichment – Plain Avenue Storage)*

30. The Plaintiff incorporates paragraphs one, two, four, six, and eight through twenty-nine above as if fully restated herein.

31. BRT has provided labor, equipment, materials and services to Plain Avenue Storage for the construction of the Banner Storage Facility.

32. Plain Avenue Storage has failed to pay BRT in full for that labor, equipment, materials and services provided and has thereby been unjustly enriched.

33. The fair and reasonable value of the underpayment for the labor, equipment, materials and services provided BRT to Plain Avenue Storage is $892,646.71.

34. BRT has been damaged as a result of the failure of Plain Avenue Storage to make payment to for those labor and services in the amount of $892,646.71.

WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment against the Defendant, Plain Avenue Storage LLC, in the amount of $892,646.71 plus interest, costs, attorney's fees and such other relief as this Court may deem fair and just.

## COUNT III
### *(Breach of the Covenant of Good Faith and Fair Dealing – Plain Avenue Storage)*

35. The Plaintiff incorporates paragraphs one, two, four, six, and eight through thirty-four above as if fully restated herein.

36. Pursuant to the contract and by law, the New Rochelle Agreement contains an implied covenant of good faith and fair dealing between BRT and Plain Avenue Storage.

37. Plain Avenue Storage breached that covenant by failing to adhere to reasonable standards of

fair dealing and acting in bad faith by directing BRT to perform work outside of the scope of work in the Agreement, by using its own breach of contract as a basis for terminating the contract for cause and failing to pay BRT in accordance with the terms of the Agreement.

38. Plain Avenue Storage's breach of the covenant of good faith and fair dealing has directly and proximately caused BRT to suffer damages.

WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment against the Defendant Plain Avenue Storage LLC, in the amount of $892,646.71 plus interest, costs, attorney's fees and such other relief as this Court may deem fair and just.

## COUNT IV
*(Breach of Contract – Malden Storage)*

39. The Plaintiff incorporates paragraphs one, three, four, and seven through ten above as if fully restated herein.

40. On or about February 2, 2016 BRT, as Design-Builder, and Malden Storage, as Owner, entered into a written contract for the design and construction of a storage facility (hereinafter, the "Malden Storage Facility") to be located at 490 Eastern Avenue and 99 Bryant Street in Malden, Middlesex County, Massachusetts (hereinafter, the "Malden Agreement").[2]

41. Since the commencement of the project, Malden Storage has delayed the processing of change orders and failed to make payments to BRT as required by the terms in the contract.

42. Those failures and inactions by Malden Storage constitute a breach of contract.

43. BRT has been damaged by that breach of contract.

WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment against the Defendant, Malden Storage LLC, in the amount of $940,115.68 plus interest, costs, attorney's

---

[2] The contract provided that its effective date was October 27, 2015.

fees and such other relief as this Court may deem fair and just.

## COUNT V
### *(Quantum Meruit and Unjust Enrichment – Malden Storage)*

44. The Plaintiff incorporates paragraphs one, three, four, and seven through ten and thirty-nine through forty-three above as if fully restated herein.

45. BRT did, in fact, provide labor, equipment, materials and services to Malden Storage for the Project having a fair and reasonable value of $4,106,672.27.

46. BRT has been paid only $3,166,556.59.

47. Malden Storage has been unjustly enriched in the amount of $940,115.68.

48. BRT performed its work in a good and workmanlike manner and is entitled to payment in full in regard to the monies demanded herein.

49. Malden Storage has failed and/or refused to make payment to BRT despite demand made by, and on behalf of, BRT.

50. BRT has been damaged as a consequence of the matters complained of herein.

51. BRT is entitled to be made whole for and on account thereof.

WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment against the Defendant, Malden Storage LLC, in the amount of $940,115.68 plus interest, costs, attorney's fees and such other relief as this Court may deem fair and just.

## COUNT VI
### *(Breach of the Covenant of Good Faith and Fair Dealing – Malden Storage)*

52. The Plaintiff incorporates paragraphs one, three, four, and seven through ten and thirty-nine through fifty-one above as if fully restated herein.

53. Pursuant to the contract and by law, the Agreement contains an implied covenant of good faith and fair dealing between BRT and Malden Storage.

54. Pursuant to the contract Malden Storage owed BRT a duty of good faith and fair dealing.

55. Malden Storage has breached that covenant by failing to adhere to reasonable standards of fair dealing and acting in bad faith by directing BRT to perform work outside of the scope of work in the contract without processing change orders for that work and failing to pay BRT in accordance with the contract terms.

56. The breach of the covenant of good faith and fair dealing by Malden Storage has directly and proximately caused BRT to suffer damages.

   WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment against the Defendant, Malden Storage LLC, in the amount of $940,115.68 plus interest, costs, attorney's fees and such other relief as this Court may deem fair and just.

### COUNT VII
*(Violation of Ch. 149, §29E – Malden Storage)*

57. The Plaintiff incorporates paragraphs one, three, four, and seven through ten and thirty-nine through fifty-six above as if fully restated herein.

58. M.G.L. c. 149, § 29E(c) requires prompt payment of periodic progress applications for payment.

59. BRT has made several applications for payment for work that was completed in a good and workmanlike manner but Malden Storage and Banner Drive Storage, its Designated Representative, have failed and refused to make payment for that work in accordance with the terms of M.G.L. c. 149, § 29E(c).

60. M.G.L. c. 149, § 29E (d) requires prompt processing of written requests submitted seeking an increase in the contract price for additional work required as the result of differing site conditions.

61. BRT has made several written requests seeking an increase in the contract price for work

beyond the original scope of its contract with Malden Storage but Malden Storage and Banner Drive Storage, its Designated Representative, have failed to process those requests within the time periods allowed by M.G.L. c. 149, § 29E(d).

62. BRT has been damaged by the failure of Malden Storage and Banner Drive Storage to comply with the requirements of M.G.L. c. 149, § 29E(c) and (d).

WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment enter against the Defendant, Malden Storage LLC, in an amount to be determined at trial, and that BRT be awarded interest, attorney's fees and costs pursuant to the Agreement and such other relief as this Court may deem fair and just.

## COUNT VIII
*(Violation of M.G.L. c. 93A, §11 – Malden Storage & Banner Drive Storage)*

63. The Plaintiff incorporates paragraphs one, three, four, and seven through ten and thirty-nine through sixty-two above as if fully restated herein.

64. At all relevant times BRT, Malden Storage and Banner Drive Storage were engaged in trade and commerce for the purposes of M.G.L. c. 93A, §11.

65. Malden Storage and Banner Drive Storage have dealt with BRT in an unfair and deceptive manner which conduct includes, but is not limited to, willfully and knowingly withholding payment it knew to be due and owing to BRT and its subcontractors, failing to promptly process change order for additional work, and continuing to encourage BRT to provide labor, equipment and materials to the Project for additional work required as the result of differing site conditions when it knew it had no intention to pay for same.

66. As a result of the unfair and deceptive acts by Malden Storage and Banner Drive Storage, BRT has been unjustly damaged.

67. The forcing of litigation in respect to certain moneys which are the subject of this complaint

constitute an unfair and deceptive trade practices by Malden Storage and Banner Drive Storage entitling BRT to an award of treble damages, interest, attorney's fees and costs.

WHEREFORE, the Plaintiff, BRT Management LLC, demands judgment enter against the Defendants, Malden Storage LLC and Banner Drive Storage LLC, in an amount to be determined at trial, trebled, and that BRT be awarded interest, attorney's fees and costs pursuant to the Agreement and such other relief as this Court may deem fair and just.

The Plaintiff requests a trial by jury on all issues so triable.

**BRT Management LLC**
By its attorney,

/s/ John S. Davagian, II
John S. Davagian, II, Esq.
BBO# 114740
Davagian Grillo & Semple LLP
365 Boston Post Road, Ste. 200
Sudbury, MA 01776-3023
978-443-3773
jsdavagian@dgslawllp.com

Date: