UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRT MANAGEMENT LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 17-10005-FDS |
| MALDEN STORAGE, LLC; PLAIN AVENUE STORAGE, LLC; and BANNER DRIVE STORAGE, LLC, | ) |
| Defendants, | ) |
| and | ) |
| MALDEN STORAGE, LLC; and PLAIN AVENUE STORAGE, LLC, | ) |
| Counterclaim Plaintiffs/ Third-Party Plaintiffs, | ) |
| v. | ) |
| BRT MANAGEMENT, LLC, | ) |
| Counterclaim Defendant, | ) |
| and | ) |
| BRIAN WALLACE, | ) |
| Third-Party Defendant. | ) |

**ORDER CONCERNING JURISDICTIONAL DISCOVERY AND
ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**SAYLOR, J.**

This action arises out of two design-build construction contracts between plaintiff BRT Management LLC and defendants Plain Avenue Storage, LLC and Malden Storage, LLC. The complaint alleges diversity jurisdiction pursuant to 28 U.S.C. § 1332, but fails to properly allege the citizenship of the parties, all LLCs. While the complaint alleges the states under which the LLCs are organized and their principal places of business, it fails to allege the citizenship of their members.

The Court has issued plaintiff two orders to show cause, ordering it to properly allege the citizenship of the parties. In response to the first order to show cause, plaintiff identified that the members of the defendant LLCs are other LLCs, but failed to properly allege the citizenship of the member LLCs. In response to the second order to show cause, plaintiff noted that it had been unable to identify the citizenship of the member LLCs and requested limited discovery into the citizenship of those member LLCs. Days before its response to the second order to show cause, plaintiff also filed a motion to amend the complaint to add a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO").

Plaintiff relies on *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99 (3d Cir. 2015), in support of its request for jurisdictional discovery. There, the Third Circuit held that jurisdictional discovery is appropriate in circumstances where plaintiffs have alleged in good faith that LLCs are of diverse citizenship, but have not been able to identify the citizenship of their members. The court reasoned that Fed. R. Civ. P. 8(a)(1)—which requires complaints to include a "short and plain statement of the grounds for the court's jurisdiction"—does not require an "airtight" allegation of jurisdiction before obtaining discovery. *Id.* at 108. It relied on Third Circuit caselaw permitting plaintiffs to allege diversity jurisdiction by alleging the citizenship of defendants in the negative (in other words, by alleging that, based on the information available,

2

defendants were not citizens of the same state as plaintiff), and concluded that plaintiffs could obtain jurisdictional discovery based on negative allegations of the citizenship of defendant LLCs, made in good faith after reviewing all publically available information. *Id.* at 107-08. Any other rule, the court reasoned, would shield many LLCs from suit in federal courts as information regarding the membership of an LLC is often not publically available. *Id.* at 108-09.

While the particular form of jurisdictional allegations permitted by the Third Circuit in *Lincoln Benefit* has been foreclosed in the First Circuit, *see D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011) (holding that allegations of LLC's citizenship in the negative are insufficient to establish diversity jurisdiction), its basic reasoning is sound. Here, plaintiff has consulted all available public information and alleged, in good faith, that there is complete diversity of citizenship. Plaintiff will therefore be permitted to conduct limited jurisdictional discovery in order to ascertain the citizenship of the member LLCs. *Cf. Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 & n.13 (1978) (noting that discovery may be used to ascertain facts bearing on jurisdiction).

As to plaintiff's motion to amend to add a federal claim, the Court is without authority to grant that motion unless and until federal subject-matter jurisdiction is established. *See Sharp v. Town of Kitty Hawk, N.C.*, 2011 WL 3269416, at *2 (E.D. N.C. July 29, 2011) (holding that court could not grant motion to add RICO claim where federal subject-matter jurisdiction was otherwise lacking). The Court will therefore defer ruling on the motion to amend until after the question of diversity jurisdiction is resolved.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV

Dated: June 23, 2017               United States District Judge