UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRT MANAGEMENT LLC, | ) |
| Plaintiff/ Counterclaim Defendant, | ) |
| v. | ) Civil Action No. 17-10005-FDS |
| MALDEN STORAGE, LLC and PLAIN AVENUE STORAGE, LLC, | ) |
| Defendants/ Counterclaim Plaintiffs/ Third-Party Plaintiffs, | ) |
| and | ) |
| BRIAN WALLACE, | ) |
| Third-Party Defendant. | ) |

MEMORANDUM AND ORDER ON
MOTION IN LIMINE TO PRECLUDE
USE OF LATE-PRODUCED DOCUMENTS

**SAYLOR, J.**

This action involves a dispute arising out of construction contracts to build storage facilities. Jurisdiction is based on diversity of citizenship.

The present dispute concerns a late production of documents by defendants Plain Avenue Storage, LLC and Malden Storage, LLC to plaintiff BRT Management LLC and third-party defendant Brian Wallace. BRT and Wallace have moved under Fed. R. Civ. P. 37 to preclude Plain and Malden from using the late-produced documents in support or opposition to any motion or at trial. For the following reasons, the motion will be granted in part and denied in

part.

I. <u>**Background**</u>

On August 7, 2018, BRT and Wallace served both Plain and Malden with requests for the production of documents. In general terms, those requests sought the production of documents supporting the damages claims of Plain and Malden. Under the federal rules, a response was due 30 days later, or by September 6, unless a later date was agreed to by the parties or the court ordered otherwise. *See* Fed. R. Civ. P. 34(b)(2)(A). There is no evidence in the record that counsel agreed to an extension, and the Court did not extend the deadline.

On September 21, 2018, Plain and Malden served written responses indicating that certain responsive documents were attached and that others would be produced, either "by the end of next week" or at some future unspecified time.

Fact discovery closed on October 10, 2018. On October 17, seven days after the close of discovery and 71 days after receiving the request for production, Plain and Malden served additional responsive documents on BRT.[1] The production consisted of a CD containing 638 pages of documents. The CD and accompanying cover letter did not contain the necessary attorney certification under Fed. R. Civ. P. 26(g), or any other language identifying the supplemental production. Instead, the cover letter stated only that a "CD containing Bates Stamped documents within certain ranges was enclosed."

Counsel for BRT and Wallace contend that they mistook the CD as unrelated to their August 7 requests for production. According to counsel, it was not until January 29, 2019, during an e-mail exchange with Plain and Malden's counsel, that they realized that they had, in

---

[1] The parties seem to agree that the production was a "supplemental" production within the meaning of Rule 26(e)—that is, a production made after the party "learns that in some material respect the disclosure or response is incomplete or incorrect"—rather than an initial production that occurred in two stages.

fact, received the supplemental production. Once they learned that Plain and Malden had supplemented their previous response with the documents contained on the CD, BRT moved to withdraw a then-pending summary judgment motion, "as the ground for that motion was Defendants' failure to provide documentation of their damages." (Mem. in Supp. at 4 ¶ 17).

BRT and Wallace have moved *in limine* to preclude Plain and Malden from using those late-produced documents in support of any motion or opposition or at trial. In the alternative, they request that discovery be reopened to allow BRT and Wallace to depose Plain and Malden on issues that they contend were raised for the first time by the supplemental production.

2. **Analysis**

A brief review of the relevant discovery obligations is warranted.

Under Rule 34, unless the parties stipulate or the court orders otherwise, a party receiving a request for the production of documents must respond in writing within 30 days. Fed. R. Civ. P. 34(b)(2)(A). The production of documents "must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).

Under Rule 26, "[a] party who has . . . responded to an interrogatory, request for production, or request for admission—must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . ." Fed. R. Civ. P. 26(e)(1).

Rule 26(g) provides, in relevant part, that every discovery response "must be signed by at least one attorney of record in the attorney's own name." Fed. R. Civ. P. 26(g)(1). By signing, an attorney certifies that "to the best of the person's knowledge, information, and belief formed

3

after a reasonable inquiry," the discovery response is:

> (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
>
> (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
>
> (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B). If a discovery response is unsigned, "[o]ther parties have no duty to act . . . until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2). Finally, Rule 26(g) provides for sanctions:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Fed. R. Civ. P. 26(g)(3).

Rule 37 also addresses sanctions for failure to provide discovery. "If a party fails to provide [supplemental] information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[T]he required sanction in the ordinary case is mandatory preclusion." *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (alteration in original) (internal quotation marks omitted) (quoting *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir. 1998)). The party facing preclusion must show that its failure to meet a discovery deadline was either justified or harmless. *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001).

4

However, "preclusion is not a strictly mechanical exercise; district courts have some discretion in deciding whether or not to impose that onerous sanction." *Santiago-Díaz v. Laboratorio Clínicio y de Referencia del Este*, 456 F.3d 272, 276 (1st Cir. 2006). In determining the proper sanction, the court should consider "(1) the party's justification for the late disclosure; (2) the opposing party's ability to overcome any prejudice; (3) the impact on the court docket; (4) the party's history of litigation abuse; and (5) the party's need for the late evidence." *Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Trust v. State Street Bank & Trust Co.*, 290 F.R.D. 11, 17 (D. Mass. 2013) (citing *Harriman v. Hancock Cty.*, 627 F.3d 22, 30 (1st Cir. 2010)); *see also Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191, 197-98 (1st Cir. 2006).

Here, Plain and Malden did not provide discovery as required by the rules. They did not produce the responsive documents within the required 30 days; they did not supplement their responses in a reasonably timely manner, as required by Rule 26(e); and when they did provide the documents, they did not provide the necessary certification under Rule 26(g). As noted, under Rule 37(c), they must be precluded from using those documents in support of a motion or at trial unless the court finds that the failure "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The circumstances here are certainly troubling. The documents were delivered to BRT and Wallace 41 days late, and indeed seven days after the close of fact discovery. The supplemental production obviously should have included the required certification, and should have clearly identified what the documents were and the discovery requests to which they were responsive. Plain and Malden have not offered a reasonable justification for the late production. The documents appear to be central to their damages claims. And production of documents after

the fact-discovery deadline has an obvious impact on the discovery schedule; at a minimum, it precluded the possibility of taking any depositions as to the subject of those documents without relief from the court.

Nonetheless, counsel for BRT and Wallace are hardly free from blame. To begin, it is unclear why counsel waited until August 2018 before even asking for damages discovery. The scheduling conference was held on September 15, 2017, at which the Court set a deadline on January 18, 2018, for service of written discovery requests and a fact discovery deadline of April 2, 2018. After multiple extensions, the fact discovery deadline eventually became October 10, 2018.

Furthermore, and more importantly, counsel did not even look at the documents between October 17, 2018, and some point after January 29, 2019, nearly three and a half months later. They could have substantially ameliorated, if not eliminated, any prejudice simply by putting the disk in a computer and reading them. Nor did they make any effort to contact opposing counsel to ascertain what was on the CD. They could have requested clarification from counsel; they could have demanded a proper Rule 26(g) certification; and, of course, they could have promptly requested relief from the Court. Among other things, they could have immediately sought to extend the discovery deadline to depose any defense witnesses about the supplemental document production.

Instead, they sat on their hands for months. Now, they seek the discovery "death penalty"—that is, complete preclusion of the documents—as a sanction for the late production. Alternatively, they seek to reopen discovery to depose Plain and Malden about issues raised by the supplemental production, although they have not identified which witnesses need to be deposed, or the issues about which they need to depose them.

In short, counsel for BRT and Wallace have not acted diligently, which carries substantial weight in the sanctions analysis. Had they reviewed the documents when they received them, any prejudice caused by the failure of Plain and Malden to comply with the rules would have been greatly reduced. Furthermore, the documents appear to be central to the claims of Plain and Malden, and their preclusion would likely mean that BRT and Wallace would prevail in the litigation. For those reasons, the Court is reluctant to preclude Plain and Malden entirely from relying on the late-produced documents.

That does not mean, however, that no sanction is required. Had the issue been timely raised, and had a reasonable request been made, the Court would likely have permitted discovery to be reopened as necessary in order to give BRT and Wallace an opportunity to examine witnesses about the documents. It is unclear whether that is appropriate here, in light of the long delay of BRT and Wallace in asserting their rights, and in the absence of any specific information concerning what witnesses would need to be deposed, or on what topics. In any event, if BRT and Wallace wish to reopen discovery, they should identify those witnesses, and the relevant topics, so that the Court can fashion appropriate relief. Furthermore, BRT and Wallace is entitled to an award of reasonable attorney's fees and expenses arising out of the litigation of this issue, and therefore the Court will give them a period of 14 days in which to seek such a sanction. Otherwise, however, the motion to preclude will be denied.

## II. Conclusion

For the foregoing reasons, the motion *in limine* of BRT Management, LLC and Brian Wallace to preclude Plain Avenue Storage, LLC and Malden Storage, LLC from using certain late-produced documents in support of any motion or opposition or at trial is DENIED in part and GRANTED in part. Within 14 days of the date of this order (that is, by September 3, 2019),

counsel for BRT Management, LLC and Brian Wallace shall:

    (1) if they seek to reopen discovery, file an appropriate motion identifying in writing any deposition witnesses and topics for examination that they believe are reasonably necessary to address any potential prejudice arising out of the late production of documents by Plain Avenue Storage, LLC and Malden Storage, LLC, and

    (2) if they seek to recover reasonable attorneys' fees and expenses arising out of the late production, file an appropriate motion with supporting affidavit(s).

**So Ordered.**

Dated: August 20, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge