# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRT MANAGEMENT LLC, | )<br>)<br>) |
|     Plaintiff/<br>    Counterclaim Defendant, | )<br>) |
| v. | )   Civil Action No.<br>)   17-10005-FDS<br>) |
| MALDEN STORAGE, LLC and PLAIN AVENUE STORAGE, LLC, | )<br>)<br>) |
|     Defendants/<br>    Counterclaim Plaintiffs/<br>    Third-Party Plaintiffs, | )<br>)<br>)<br>) |
| and | ) |
| BRIAN WALLACE, | )<br>) |
|     Third-Party Defendant. | )<br>) |

## MEMORANDUM AND ORDER ON MOTION
## TO REOPEN DISCOVERY AND MOTION FOR SANCTIONS

**SAYLOR, C.J.**

This action involves a dispute arising out of construction contracts to build storage facilities.

The present aspect of the dispute follows this Court's August 20, 2019 Memorandum and Order concerning the use of late-produced documents by defendants Plain Avenue Storage, LLC and Malden Storage, LLC. Although the Court declined to exclude the documents as a sanction, it did not resolve the issues of possible imposition of attorneys' fees and additional discovery. BRT and Wallace have now moved for both attorneys' fees and additional discovery. For the

following reasons, the motions will be granted in part and denied in part.

**I.      Background**

The late production of documents by Plain and Malden is described at length in the Court's August 20, 2019 Memorandum and Order, and warrants only a brief summary here.

On August 7, 2018, BRT and Wallace served both Plain and Malden with requests for production of documents concerning, in part, alleged damages arising from their counterclaim.

The deadline for the close of fact discovery was October 10, 2018. On October 17, 2018, Plain and Malden produced a final set of responsive documents. That production, consisting of a CD containing 638 documents, came seven days after the close of fact discovery and 71 days after receipt of the request for production. The production also lacked the required attorney certification under Fed. R. Civ. P. 26(g) and was devoid of identifying information.

Counsel for BRT and Wallace did not, however, examine the documents. Instead, on January 25, 2019, BRT and Wallace filed a motion for partial summary judgment, asserting that defendants had failed to produce any damages evidence relating to their counterclaim.

On January 29, 2019, counsel for BRT and Wallace finally realized that defendants had supplemented their earlier productions with the CD containing documentation of damages. BRT and Wallace then moved to withdraw the pending summary judgment motion.

On February 7, 2019, BRT and Wallace moved *in limine* to preclude Plain and Malden from using the late-produced documents in support of any motion or opposition or at trial.

On August 20, 2019, the Court denied that motion. It held that preclusion of the documents was not appropriate, as plaintiff's counsel was not blameless and the documents were essential to defendants' counterclaim. However, the Court held that BRT and Wallace were "entitled to an award of reasonable attorneys' fees and expenses arising out of the litigation of

this issue," and that discovery could be reopened on a limited basis if plaintiff made an appropriate showing of need. (Aug. 20, 2019 Mem. and Order, 7).

BRT and Wallace have now moved for sanctions and to reopen discovery. They have requested an award of attorneys' fees for the filing of their (later-withdrawn) summary judgment motion and motion *in limine*, and have moved to take a deposition under Rule 30(b)(6) concerning the subject matter of the late-produced documents.

## II. Analysis

### A. Attorneys' Fees

BRT and Wallace have moved for sanctions in the form of attorneys' fees resulting from the late production. They have requested $6,440 in fees for the drafting, filing, and withdrawal of their motion for summary judgment and $2,320 in fees for the drafting and filing of their motion *in limine*. That motion will be granted in part.

There is no doubt that the untimely production of documents created additional work for plaintiffs; had the documents been timely and properly produced, surely neither motion would have been filed. However, as the Court observed in its August 20, 2019 Memorandum and Order, BRT and Wallace are hardly free from blame. As an initial matter, they waited until relatively late in a lengthy fact-discovery period to request documents on an issue of obvious importance. Furthermore, after the CD was produced (on October 17, 2018), they did not even look at it for three and one-half months. Even if they were confused, or did not understand the import of the CD, they did not make any effort to contact opposing counsel for clarification. And they wound up filing a summary judgment motion based on a lack of damages when that damages evidence had been in their possession for months.

Under the circumstances, BRT and Wallace are not entitled to attorneys' fees arising out

3

of the summary judgment motion. That motion was not filed until January 25, 2019, more than three months after the CD had been produced. Plain and Malden should not be sanctioned with costs that could have been completely avoided with even a modicum of diligence.

The motion *in limine*, however, is a different matter. The basis for that motion traces directly back to the failure of Plain and Malden to comply with Fed. R. Civ. P. 26 and 34. Had they complied with the rules, the motion would have been entirely unnecessary. Nonetheless, under the circumstances, the requested amount is somewhat excessive, as the issues presented were clear and straightforward. Accordingly, Plain and Malden will be ordered to pay BRT and Wallace attorneys' fees associated with the motion *in limine* in the amount of $1,300.

### B. Additional Discovery

BRT and Wallace also request the reopening of discovery to take a deposition in response to the late document production. That motion will be granted.

Defendants produced the documents after the close of fact discovery, and in so doing denied BRT and Wallace any opportunity for follow-on inquiry. Not allowing further discovery would be manifestly unfair to plaintiffs and would reward inappropriate behavior.

However, given the relatively narrow subject matter of the late-produced documents, some limitations must be set on additional discovery. Accordingly, discovery will only be re-opened to permit a single deposition under Rule 30(b)(6) of no more than five hours concerning the substance of the documents included on the CD at issue. Barring a mutually agreed-upon alternative, any such deposition shall occur at the location designated by BRT and Wallace.

## III. Conclusion

For the foregoing reasons, the motion of BRT Management, LLC and Brian Wallace for sanctions is GRANTED in part and DENIED in part. Plain Avenue Storage, LLC and Malden

Storage, LLC are hereby ordered to pay $1,300 in attorneys' fees to movants as a sanction for late-filed discovery.

The motion of BRT Management, LLC and Brian Wallace to reopen discovery is GRANTED. BRT Management, LLC and Brian Wallace may take a deposition of no more than five hours pursuant to Fed. R. Civ. P. 30(b) concerning the additional documents produced by Plain Avenue Storage, LLC and Malden Storage, LLC on October 17, 2018, and any topic reasonably related to those documents.

**So Ordered.**

Dated: January 8, 2020

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court