# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| | ) |
| **BRT MANAGEMENT LLC,** | ) |
| | ) |
| **Plaintiff/** | ) |
| **Counterclaim Defendant,** | ) |
| | ) **Civil Action No.** |
| **v.** | ) **17-10005-FDS** |
| | ) |
| **MALDEN STORAGE, LLC and PLAIN** | ) |
| **AVENUE STORAGE, LLC,** | ) |
| | ) |
| **Defendants/** | ) |
| **Counterclaim Plaintiffs/** | ) |
| **Third-Party Plaintiffs,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **BRIAN WALLACE,** | ) |
| | ) |
| **Third-Party Defendant.** | ) |
| | ) |

## MEMORANDUM AND ORDER ON
## CALCULATION OF PREJUDGMENT INTEREST

**SAYLOR, C.J.**

Pursuant to the Court's entry of final judgment on February 14, 2022, the following

memorandum and order explains the Court's calculation of prejudgment interest and the relevant

governing law.

"In a diversity action, state law controls a prevailing party's entitlement to prejudgment

interest. . . . Conversely, federal law governs a party's entitlement to postjudgment interest."

*John Hancock Life Ins. Co. v. Abbott Lab'ys*, 863 F.3d 23, 49 (1st Cir. 2017).  Here, New York

and Massachusetts state law control.

Under New York law, prejudgment interest is only recoverable in certain types of

actions.  N.Y. C.P.L.R. § 5001(a) provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property . . . ." Prejudgment interest "shall be computed from the earliest ascertainable date the cause of action existed . . . ."  *Id.* § 5001(b).  The rate of interest is 9% per annum.  *Id.* § 5004.

Here, Plain Avenue Storage prevailed on two claims.  First, it was awarded damages from BRT Management in the amount of $3,966,715.14 for breach of contract.  Second, it was awarded damages from BRT Management and Brian Wallace jointly and severally in the amount of $185,000 for conversion and fraud.  Under New York law, prejudgment interest is mandated for both claims.  *See BPP Wealth, Inc. v. Weiser Cap. Mgmt., LLC*, 623 F. App'x 7, 10-11 (2d Cir. 2015) (summary order) (stating that "New York law mandates prejudgment interest at 9% per annum as a matter of right on, *inter alia*, any recovery for an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, which includes conversion claims") (internal citations and quotation marks omitted).

The earliest ascertainable date for the breach-of-contract claim is September 21, 2016, the date that Plain Avenue Storage terminated the contract for cause because of breaches made by BRT Management.  (Trial Ex. 1108).  The earliest ascertainable date for the fraud and conversion claims is July 23, 2015, the date that BRT Management invoiced Plain Avenue Storage for $185,000 purportedly earmarked for a steel deposit to Storage Structures.  (Trial Ex. 1163).  Accordingly, Plain Avenue Storage is entitled to prejudgment interest in the amounts of $1,928,801.65 as to its claim for breach of contract and $109,388.22 as to its claims for conversion and fraud.

Under Massachusetts law, prejudgment interest is mandated for certain contract and tort

actions.  Mass. Gen. Laws ch. 231, § 6C provides that "[i]n all actions based on contractual obligations, . . . interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand."  Additionally, § 6B states that "[i]n any action . . . for personal injuries to the plaintiff or for consequential damages, or for damage to property, there shall be added by the clerk of court to the amount of damages interest thereon at the rate of twelve per cent per annum from the date of commencement of the action . . . ."

Here, Malden Storage prevailed on three claims.  First, it was awarded damages from BRT Management in the amount of $2,913,525.63 for breach of contract.  Second, it was awarded damages from BRT Management and Brian Wallace jointly and severally in the amount of $142,282 for conversion and fraud.  Third, it was awarded damages from BRT Management and Brian Wallace jointly and severally in the amount of $51,546.25 for tortious interference with advantageous relations.  Under Massachusetts law, prejudgment interest is mandated for all three claims.  *See Shawmut Cmty. Bank, N.A. v. Zagami*, 411 Mass. 807, 813 (1992) (holding that § 6B prejudgment interest is available for fraud claims); *Primarque Prod. Co., Inc. v. Williams W. & Witts Prod. Co.*, 988 F.3d 26, 45 (1st Cir. 2021) (concluding that district court committed legal error in holding that plaintiff was not entitled to prejudgment interest under § 6B for its tortious interference with business relations claim).

The date of breach or demand is January 23, 2017, the date that Malden Storage terminated the contract for cause because of breaches made by BRT Management.  (Trial Ex. 1317).  The date of commencement of the action is March 7, 2017, the date that Malden Storage filed its counterclaims and third-party claims.  Accordingly, Malden Storage is entitled to prejudgment interest in the amounts of $1,770,146.42 as to its claim for breach of contract;

3

$84,433.65 as to its claims for conversion and fraud; and $30,588.82 as to its claim for tortious

interference with advantageous relations.  However, to avoid duplication, it may not recover

damages totaling more than $2,913,525.63, plus the applicable prejudgment interest, as to its

claims for breach of contract and tortious interference with advantageous relations.

   For the foregoing reasons, the Court has awarded prejudgment interest as reflected in the

final judgment.


**So Ordered.**


                 /s/ F. Dennis Saylor IV
                 F. Dennis Saylor IV
Dated: February 14, 2022       Chief Judge, United States District Court