UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRT MANAGEMENT, LLC, | ) ) ) | |
| *Plaintiff/* *Defendant in Counterclaim* | ) ) ) | |
| v. | ) ) | Civil Action No: 1:17-cv-10005-FDS |
| MALDEN STORAGE LLC AND PLAIN AVENUE STORAGE, LLC, | ) ) ) | |
| *Defendants/Plaintiffs in Counterclaim and Third Party Plaintiffs,* | ) ) ) ) | |
| And | ) ) | |
| BRIAN WALLACE, | ) ) | |
| *Third Party Defendant* | ) ) | |

**MOTION TO MODIFY ORDERS AND / OR
DISSOLVE INJUNCTION AND WRIT OF ATTACHMENT**

The Plaintiff BRT Management, LLC ("BRT") and Third-Party Defendant, Brian Wallace ("Wallace"), hereby respectfully move to modify two prior Orders and/or dissolve a Writ issued in this matter to enjoin and/or attach their property, including:

(1) Memorandum and Order (Docket No. 225), dated January 10, 2022, which granted in part and denied in part Defendants' Motions (Docket Nos. 208, 210, & 217) and which, in relevant part, enjoined BRT "and all persons or entities with knowledge of this Order acting in concert with it," "from any sale, transfer, conveyance or encumbrance of its property or other assets, other than in the ordinary course of business . . ." and enjoined Wallace "and all persons or entities with knowledge of this Order acting in concert with him" "from any sale, transfer, conveyance, or

encumbrance of his property or other assets that would have the effect of reducing the value of his encumbered net assets below $378,228.25";

(2) Writ of Attachment (Docket No. 231), dated February 3, 2022, a entered pursuant to Federal Rule 64 and Massachusetts Rules of Civil Procedure Rule 4.1, attaching Wallace's real property to the value of $378,828.25; and

(3) Order on Motion for Attachment by Trustee Process (Docket No. 249), dated August 26, 2022, which granted in part "Defendants' motion for attachment by trustee process (Docket No. 247)," and which held that "a writ of attachment by trustee process shall issue as to funds held by Wallace's counsel in the amount of $378,828.25" and that "such funds are to be held by Wallace's counsel pending appeal and shall not be released or paid to defendants except by voluntary agreement or by further order of the Court."

As is set forth more fully below, good cause exists to dissolve the Writ and Orders as set forth below inasmuch as the subject matter jurisdiction of this Court remains in question, despite the fact that the Defendants/ Third Party Plaintiffs, Malden Storage LLC ("Malden") and Plain Avenue Storage LLC ("PAS") (together, "Defendants"), have been given three opportunities to establish jurisdiction but have failed to do so. As such, Defendants can no longer establish grounds for injunctive relief, including a likelihood of success on the merits in this matter. Moreover, the restrictions are highly prejudicial to BRT and Wallace as they are unable to pay for legal or accounting fees or other expenses.

## I. PROCEDURAL HISTORY

On January 10, 2022, this Court entered an order on Defendants' Motions for Prejudgment Relief. (Docket No. 225.) The Order directed Wallace not to sell, transfer, convey, or encumber his property or other assets that would have the effect of reducing the value of Wallace's

unencumbered net assets below $378,828.25. (*Id.*) Since January 3, 2022, counsel for Wallace has been holding certain funds in the amount of $378,828.25 in escrow in accordance with the aforementioned Court Order. (*See* Docket No. 248-1, Affidavit of Wallace, ¶¶9, 10.) The funds held in escrow by Wallace's counsel are not subject to any other judgments in any lawsuits for which Wallace is personally liable. (*Id.* at ¶13.). The Defendants also obtained a blanket attachment post-judgment against all real property owned by Wallace located in Maine. Wallace has property located in Penobscot County Maine, which was set to be sold for $189,000 (proceeds would net $152,000 due to a VA loan). There were no other encumbrances on this property. Defendants have since filed an action in Maine to enforce the vacated Judgment against the Maine Property.

Following the entry of final judgment on February 14, 2022 (Docket No. 233) and the denial of BRT and Wallace's post-judgment motion (*see* Docket Nos. 236-238), BRT and Wallace filed a Notice of Appeal with this Court on May 13, 2022. (Docket No. 239).

On August 12, 2022, Defendants filed their Motion for Attachment by Trustee Process, seeking an order that the funds held in escrow be turned over to Defendants. (Docket No. 247), to which Wallace objected on August 18, 2022 (Docket No. 248). This Court (Saylor, C.J.) then issued an Order on Motion for Attachment by Trustee Process on August 26, 2022 providing that:

> To secure partial satisfaction of the judgment in this case, and in light of the Court's factual findings at trial, a writ of attachment by trustee process shall issue as to funds held by Wallace's counsel in the amount of $378,828.25. Having already received final judgment, defendants have shown a "reasonable likelihood" of recovery, and no further affidavit is required. *See* Mass. R. Civ. P. 4.2. Such funds are to be held by Wallace's counsel pending appeal and shall not be released or paid to defendants except by voluntary agreement or by further order of the Court. . . .

(Docket No. 249.)

3

On May 22, 2023, following briefing on jurisdictional issues by the parties, the United States Court of Appeals for the First Circuit vacated the judgment against Wallace and BRT and remanded the case to this Court. *BRT Management LLC v. Malden Storage, LLC*, No. 22-1389 (May 22, 2023) (Kayatta, J.). In doing so, the First Circuit noted that "after three separate orders warning counsel that jurisdiction was in question, the parties have been unable to establish that no defendant shares state citizenship with any plaintiff." *Id.* at *3. The matter was thus remanded to allow the parties "one last chance to demonstrate that there is complete diversity." *Id.*

## II. ARGUMENT

### A. Legal Standard for Injunctive Relief

Rule 64 of the Federal Rules of Civil Procedure governs the issuance and execution of writs and orders for the seizure of property. As this Court observed in its January 10, 2022-dated Order:

> [Rule 64] provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Although a district court does not have authority under its equitable powers to issue a preliminary injunction preventing the transfer of assets pending the adjudication of a claim for money damages, *see Grupo Mexicano De Desarrollo v. Alliance Bond Fund,* 527 U.S. 308, 333 (1999), that "does not constrain the district court's authority to grant analogous relief under Rule 64 when authorized by the law of the forum state." *Pineda v. Skinner Services, Inc.,* 2021 WL 6143689, at *1 (1st Cir. Dec. 30, 2021). The First Circuit recently affirmed a preliminary injunction restraining the transfer or sale of business assets pursuant to Rule 64, noting that Massachusetts law would permit a preliminary injunction under similar circumstances. *Id.* at *4-5; *see also R.G. v. Hall,* 37 Mass. App. Ct. 410 (Mass. App. Ct. 1994) (noting court's authority to sequester assets up to amount of damages plaintiffs may reasonably recover).

(Docket No. 225 at 4.)

"A preliminary injunction is an 'extraordinary and drastic remedy.'" *Voice of The Arab World v. MDTV Med. News Now, Inc.,* 645 F.3d 26, 32 (1st Cir.2011) (quoting *Munaf v. Geren,* 553 U.S. 674, 689–90, 128 S. Ct. 2207, 171 L.Ed.2d 1 (2008) (further citation omitted).

As this Court further observed, "[t]o obtain a preliminary injunction under Massachusetts law, the moving party must generally establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, and (3) that the risk of irreparable harm outweighs harm to the nonmoving party if the injunction is granted. (*Id.* (citing *Mass. Port Auth. v. Turo Inc.,* 487 Mass. 235, 239 (2021).)

"In deciding whether dissolution of a preliminary injunction is appropriate, the Court applies the same four-factor analysis that guides a court in deciding whether to grant or deny a preliminary injunction in the first instance: (1) likelihood of success on the merits; (2) the threat of irreparable harm, in the absence of the injunction, to the party seeking relief; (3) the balance of hardships between the parties; and (4) the public interest." *LockeBridge, LLC v. RGMS Media, Inc.*, No. CIV.A. 11-12252-DJC, 2012 WL 2370114, at *12 (D. Mass. June 22, 2012), *citing Waldron v. George Weston Bakeries Inc.*, 570 F.3d 5, 9 (1st Cir.2009); *Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir.1994).

  **B.** **The Orders for Injunctive Relief and Related Writ Should be Dissolved Due to Defendant's Repeated Failure to Establish Subject Matter Jurisdiction**

In issuing its January 10, 2022-dated Memorandum and Order, the Court held that "[t]he first factor, the likelihood of success on the merits, unquestionably weighs heavily in defendants' favor," based on the Court's liability finding against BRT and Wallace on defendants' claims after a bench trial, including damages totaling over $7 million. (Docket No. 225, Mem. & Order at 4-5.)

Given that the Defendants have now had three opportunities to demonstrate complete diversity exists to establish the subject matter jurisdiction of this Court, and they have to date failed

to do so, Defendants' ability to overcome jurisdictional defects in this case are dubious at best. The establishment of subject matter jurisdiction is a prerequisite to "success on the merits," and it is no longer the case that Defendants can achieve the required showing of "likelihood of success on the merits," for injunctive relief to be warranted. *See, e.g., Hardin v. Cooper*, 725 F. Supp. 284, 285 (D.S.C. 1989) (denying Plaintiff's motion for injunctive relief on grounds that record failed to contain facts that could justify the exercise of federal subject matter jurisdiction over the dispute).[1]

Accordingly, as Defendants are unlikely to be able to maintain their claims against BRT and Wallace, they no longer have a "reasonable likelihood" of recovery, and the prior orders and Writ enjoining BRT and Wallace warrant modification and/or dissolution. Specifically, BRT and Wallace request that this Court allow them to use funds, including the escrowed funds, for payment of attorneys' fees due and owing by BRT and Wallace to Gordon Rees in connection with this litigation and other cases upon which BRT is a party, notwithstanding the Court's prior orders that BRT and Wallace "and all persons or entities with knowledge of this Order acting in concert with" them are enjoined "from any sale, transfer, conveyance or encumbrance" of their "property or other

---

[1] In denying the Plaintiff's motion for an injunction to prevent the sale of the property pending appeal, the Court observed:

> Federal Rule of Civil Procedure 65 vests a federal court with the equitable power to issue an injunction in an action over which it has subject matter jurisdiction. 7 J. Moore, J. Lucas, and K. Sinclair, Moore's Federal Practice ¶ 65.03[3] (2nd ed. 1987). However, Rule 65 does not confer jurisdiction on the district court, and thus the plaintiff must demonstrate the existence of some independent basis for federal jurisdiction. *Id.* As stated more fully in this court's order dated January 13, 1989, the record contains no facts that could justify the exercise of federal subject matter jurisdiction over the instant dispute. Hence, due to this infirmity, the substance of the plaintiff's motion cannot be considered.

Hardin v. Cooper, 725 F. Supp. 284, 285 (D.S.C. 1989), *aff'd* 889 F.2d 1084 (4th Cir. 1989), *rehearing den'd*, (Dec 18, 1989).

assets," other than in BRT's "ordinary course of business" or "that would have the effect of reducing the value of [Wallace's] encumbered net assets below $378,228.25."

## III.   CONCLUSION

Wherefore, for good cause shown, BRT and Wallace respectfully move that the Court issue an order modifying this Court's prior orders, including those contained in its Memorandum and Order on Defendants' Motions for Prejudgment Relief Against Brian Wallace and BRT Management (Docket No. 225) and its Order on Motion for Attachment by Trustee Process (Docket No. 249), and dissolving the Writ of Attachment issued in this matter (Docket No. 231), such that Wallace and BRT may be permitted to use their funds, including the escrowed funds, to pay the legal costs incurred by BRT in defending itself in this and other litigation.

Respectfully submitted,

 */s/ Peter E. Strniste, Jr.*
Peter E. Strniste, Jr.,
pstrniste@grsm.com
857-504-6111
GORDON REES SCULLY MANSUKHANI, LLP
21 Custom House Street, 5th Floor
Date: July 5, 2023                             Boston, MA 02110

## **CERTIFICATE OF SERVICE**

I, \_\_\_\_\_Molly Flanigan_____hereby certify that on  July 5th, 2023, a copy of the foregoing document was served by this Court's CM/ECF System to all counsel of record.

/s/ Molly Flanigan