UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRT MANAGEMENT, LLC,<br><br>    Plaintiff/<br>    Counterclaim Defendant,<br><br>v.<br><br>MALDEN STORAGE, LLC and PLAIN AVENUE STORAGE, LLC,<br><br>    Defendants/<br>    Counterclaim Plaintiffs/<br>    Third-Party Plaintiffs,<br><br>    and<br><br>BRIAN WALLACE,<br><br>    Third-Party Defendant. | Civil Action No.<br>17-10005-FDS |

**MALDEN STORAGE, LLC AND PLAIN AVENUE STORAGE LLC'S
OPPOSITION TO MOTION TO MODIFY ORDERS AND/OR DISSOLVE
<u>INJUNCTION AND WRIT OF ATTACHMENT</u>**

Malden Storage, LLC ("Malden") and Plain Avenue Storage, LLC ("Plain Avenue"; collectively with Malden, "Defendants"), hereby oppose the Motion to Modify Orders And/Or Dissolve Injunction And Writ Of Attachment ("Motion to Dissolve") by BRT Management, LLC ("BRT") and Brian Wallace ("Wallace"; collectively, "Plaintiffs") because this Court's findings of fact in granting the injunction and attachment remain valid; Defendants have a pending Motion to Confirm Jurisdiction and Re-Enter Judgment [Doc. 265] ("Motion to Confirm"), showing that diversity jurisdiction does in fact exist here; and Plaintiffs are likely to be insolvent (if they are not already insolvent).

This case is on remand from the United States Court of Appeals for the First Circuit for this Court.  *See BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 698 (1st Cir. 2023) (concluding "we think it best to vacate the judgment and remand the case (**while retaining jurisdiction**) **to give the parties one more chance to establish that the district court has subject matter jurisdiction**") (emphasis added).

In their Motion to Dissolve, Plaintiffs argue that Defendants cannot establish the diversity jurisdiction of this Court and therefore, cannot show a likelihood of success on the merits.  Doc. 263 at 5-6.  Plaintiffs' argument ignores the fact that the First Circuit remanded the case while retaining the jurisdiction of this Court for the specific purpose of giving the parties (including Defendants) one more chance to establish complete diversity, and Defendants have a pending Motion to Confirm [Doc. 265] which establishes that conclusively.  *See BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th at 698.

Further relying on the First Circuit's decision, Plaintiffs also challenge this Court's finding in granting the injunctive relief that, "[t]he first factor, the likelihood of success on the merits, unquestionably weighs heavily in defendants' favor" because "this Court has determined the liability of BRT and Wallace" for intentional misconduct, including fraud, after a bench trial.  Doc. 225 at 4-5 (Memorandum and Order); Doc. 206 (Findings of Fact and Conclusions of Law).  This argument likewise fails because the First Circuit's decision does not disturb this Court's findings and conclusions at trial, or on Defendants' motions for injunctive relief and attachment, as confirmed by the First Circuit's specific instruction that this Court "**should re-enter the judgment**" if it determines that complete diversity exists, as it should, pursuant to Defendants' pending Motion to Confirm [Doc. 265].  *See BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th at 698 (emphasis added).

In addition, Plaintiffs repeatedly claim in the Motion to Dissolve that Defendants had prior opportunities to establish jurisdiction. This Court is well aware that it was the Plaintiffs who chose the district court as their forum and thus had the burden of establishing jurisdiction at the outset. The truth is that both Plaintiffs and Defendants, in proceedings before this Court in 2017, did not confirm the Court's jurisdiction as they should have. But, Plaintiffs should not be allowed to capitalize on those circumstances in order to evade the impact of its loss at trial and the judgments that entered against them.

Finally, Plaintiffs are likely to be insolvent (if they are not already) as demonstrated by their own Motion to Dissolve, which alleges the injunction and attachment are "highly prejudicial"[1] to them because they need funds to pay their attorneys in not just this case, but also "**other cases upon which BRT is a party**." Doc. 263 (emphasis added). As further detailed, this Court should deny Plaintiffs' Motion to Dissolve.

## BACKGROUND

BRT commenced this action against Defendants on January 3, 2017 [Doc. 1]. After a jury-waived trial between April 26 and May 6, 2021, this Court found in favor of Defendants on all of BRT's claims and several of their counterclaims and third-party claims against Wallace [Doc. 206] ("Findings and Conclusions"). Among other things, the Court found BRT and Wallace had committed intentional misconduct, including conversion, fraud, and tortious interference [Doc. 206 at ¶¶ 213-14, 222-23, 229-30, 233-34, and 262-63]. The Court found BRT and Wallace jointly and severally liable for damages in excess of $7 million and $378,000, respectively, plus attorneys' fees and costs. *Id.* at ¶¶ 313-21.

---

[1] Without any affidavit or other evidence whatsoever.

Defendants moved for prejudgment security for their recovery, including Motions for Injunctive Relief [Doc. 208] and for Real Estate Attachment and Seizure of Vehicles [Doc. 210]. On January 10, 2022, the Court entered a preliminary injunction freezing $8,000,000 of BRT's assets and $378,828.25 of Wallace's assets (representing Defendants' damages plus an allowance for their reasonable attorneys' fees), and granted an attachment of Wallace's real property and vehicles in Massachusetts in the amount of $378,828.25.  Doc. 225.  In granting the injunction, the Court concluded that it was authorized to enjoin the Plaintiffs pursuant to Fed. R. Civ. P. 64 because such injunctive relief was authorized under the laws of Massachusetts based on the First Circuit's decision in *Pineda v. Skinner Services, Inc.*  2021 WL 6143689, at *1 (1st. Cir. 2021) (affirming preliminary injunction restraining the transfer or sale of business assets pursuant to Fed. R. Civ. P. 64); Doc. 225 at 4-5.  The Court found, among other things, that a likelihood of success on the merits "unquestionably weighs heavily in favor of defendants" based on its findings of fact at trial holding Plaintiffs liable for, among other things, including fraud. Doc. 225 at 5-6.  The Court further concluded that Defendants' commission of this type of intentional misconduct "put[s] this case in a different posture from a typical case, where it may be difficult to show irreparable harm where the remedy sought is money damages." *Id*. at 6, citing *Micro Signal Research, Inc. v. Otus*, 417 F.3d 28, 31 (1st Cir. 2005); *B2 Opportunity Fund, LLC v. Trabelsi*, 2017 WL 1196645, at *2 (D. Mass. Mar. 30, 2017) (granting preliminary injunction where irreparable harm was demonstrated by evidence of fraud).  Like the debtor in *B2 Opportunity Fund, LLC v. Trabelsi*, Plaintiffs (and particularly Wallace) have a proven history of committing, among other things, fraud.  2017 WL 1196645, at *2; Doc. 225 at 5-6. Ultimately, the Court concluded the balancing of equities weighed in favor of Defendants and granted the injunctive relief.  Doc. 225 at 6.

In granting the attachment, the Court further relied on Fed. R. Civ. P. 64 and Massachusetts law (M.G.L. c. 223, §§ 42-59 and Mass. R. Civ. P. 4.1) which govern and expressly authorize such attachments. Doc. 225 at 7. After applying the test under Mass. R. Civ. P. 4.1(c), the Court found the record demonstrated Defendants' entitlement to the attachments and accordingly, issued a writ for the same. Final Judgment entered on February 14, 2022 [Doc. 233], and Plaintiffs appealed to the First Circuit [Doc. 239]. On May 22, 2023, the First Circuit concluded the record lacked sufficient evidence to establish complete diversity between Plaintiffs and Defendants. *See BRT Mgmt. LLC*, 68 F.4th 691 at 698. The First Circuit vacated the judgment and remanded to this Court to determine, after giving the parties one more chance to establish, whether complete diversity and thus, subject matter jurisdiction, exists. *Id*.

## ARGUMENT

### I. The injunction and attachment should stand pending determination of Defendant's Motion to Confirm.

The First Circuit specifically stated in its decision, "given the extent of the time and effort devoted to this case to date, we think it best to vacate the judgment and remand the case (**while retaining jurisdiction**) to give the parties one more chance to establish that the district court has subject matter jurisdiction." *Id.* (internal citations omitted) (emphasis added). While Defendant's Motion to Confirm is pending, to date, the parties have not yet been given one more chance to establish subject matter jurisdiction, nor has this Court determined that issue on remand. Therefore, this Court has subject matter jurisdiction on remand until such time as it might determine otherwise after hearing and ruling on Defendants' Motion to Confirm.

The First Circuit's decision to vacate the judgment and remand the case does not disturb this Court's order granting prejudgment relief [Doc. 225] because that order pre-dates the judgment. The parties stand in the same place as they did when the order entered. Additionally,

5

the First Circuit's decision did not disturb this Court's underlying findings of fact at trial, or in granting the injunction and attachment.  If anything, the First Circuit's decision contemplates preserving the status quo on remand because it recognized the "extent of time and effort devoted to this case" and states this Court "should re-enter the judgment" if it determines that subject matter jurisdiction exists.  *Id*. at 699.  Therefore, until such time as this Court makes such a determination, the injunction and attachment (as well as the underlying findings of fact in support of the same) should not be disturbed.

**II.     Plaintiffs are likely to be insolvent (if not already) by the time judgment is re-entered.**

The injunction and attachment are designed to protect Defendants' damages remedy, including attorneys' fees.  *See generally* Doc. 225.  Although a district court does not have authority under its equitable powers to issue a preliminary injunction preventing the transfer of assets pending the adjudication of a claim for money damages, it is authorized to grant such relief under the laws of the forum state pursuant to Fed. R. Civ. P. 64.  *See Pineda,* 2021 WL 6143689, at *1 (affirming preliminary injunction restraining the transfer or sale of business assets pursuant to Fed. R. Civ. P. 64); *see also Iantosca v. Step Plan Servs., Inc.*, 604 F.3d 24, 33 (1st Cir. 2010) (holding that where a judgment creditor can make a "colorable claim" that the debtor's funds have been fraudulently conveyed to other entities, "the creditors do have a claimed lien interest to support [a] preliminary injunction" to freeze assets transferred to other entities").

As this Court has already found, Plaintiffs committed intentional acts of misconduct, including fraud, and are therefore likely to dissipate or conceal their assets to avoid judgment. Doc. 225. at 5-6.  Aside from the impending damages award in excess of $7 million against Plaintiffs, their own Motion to Dissolve specifically alleges that they cannot pay their attorneys

6

for legal services in not only this case, but also "**other cases upon which BRT is a party**." Doc. 263 at 6 (emphasis added). These claims do support Plaintiffs argument that the injunction and attachment are "highly prejudicial," especially because this Court's order specifically allows BRT, for example, to make transfers in the ordinary course of business so long as such transfers do not diminish the total value of its assets to less than $8 million dollars. Doc. 225 at 6.

If anything, Plaintiffs' motion concedes that their total assets are already insufficient to pay the judgment amount awarded to Defendants of in excess of $7 million plus attorneys' fees. By allowing Plaintiffs' motion to dissolve and/or modify the injunction or attachment, it is clear that only Defendants will be irreparably harmed as the contemplated transfers by Plaintiffs will render them insolvent, in the event this Court determines subject matter jurisdiction exists and re-enters the judgment in favor of Defendants.

Also, while Plaintiffs argue that they are entitled to relief from the injunction and attachment so that they can use the money to pay their legal counsel for work on this and other cases [Doc. 263 at 6], Plaintiffs do not, and cannot, cite to any legal authority for this proposition. It is Plaintiffs' responsibility to pay their own legal bills, and their legal counsel does not have a claim to the funds at issue that is somehow greater than Defendants' adjudicated claims.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion.

[SIGNATURE PAGE TO FOLLOW]

    Respectfully submitted,

    MALDEN STORAGE, LLC and PLAIN AVENUE STORAGE, LLC,

    By their attorneys,

    *Charles R. Bennett, Jr.*
    Charles R. Bennett, Jr., BBO # 037380
    Nicholas F. Feloney, BBO # 705336
    MURPHY & KING, P.C.
    28 State Street, 31st Floor
    Boston, MA 02109
    Tel: (617) 423-0400
    Fax: (617) 423-0498
    cbennett@murphyking.com
    nfeloney@murphyking.com

Dated: July 19, 2023

## CERTIFICATE OF SERVICE

    I, Charles R. Bennett, Jr., hereby certify that on this 19th day of July, 2023, a copy of the foregoing document was served by this Court's CM/ECF System to all counsel of record.

    *Charles R. Bennett, Jr.*
    Charles R. Bennett, Jr.

#823288