UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRT MANAGEMENT, LLC, | ) | |
| | ) | |
| Plaintiff/ | ) | |
| Counterclaim Defendant, | ) | Civil Action No. |
| | ) | |
| v. | ) | 17-10005-FDS |
| | ) | |
| MALDEN STORAGE, LLC and PLAIN | ) | |
| AVENUE STORAGE, LLC | ) | |
| | ) | |
| Defendants/ | ) | |
| Counterclaim Plaintiffs/ | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN WALLACE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |

## ORDER ON FILINGS UNDER SEAL

**SAYLOR, C.J.**

On August 17, 2023, the Court held a status conference during which it ordered counsel to

file notice by August 28, 2023, concerning the sealed documents in this case.

Non-party trustee Stephen Sandler has filed a motion to maintain his affidavit and

attachments under seal. No other party has filed such a motion. Because Sandler has not moved

for leave to intervene, his motion will be denied. Fed. R. Civ. P. 24(c). Nonetheless, the Court will,

in substance, grant the motion.

Documents submitted to this Court that are "relevant to the determination of the litigants'

substantive rights" or for the "purpose of influencing an[] adjudicatory proceeding" are subject

to the presumption of public access.  *United States v. Kravetz*, 706 F.3d 47, 58, 59 n.9 (1st Cir. 2013).  However, certain countervailing interests can "overwhelm the usual presumption and defeat access."  *Id*. at 59 (quoting *Siedle v. Putnam Investments, Inc.* 147 F.3d 7, 10 (1st Cir. 1998)).  Among other things, "[p]rivacy rights of participants and third parties are among those interests which, in appropriate cases, can limit the presumptive right of access to judicial records."  *Id.* at 62 (quoting *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987).

Here, the Court must weigh the interest in public access to documents submitted in aid of determining subject-matter jurisdiction against the privacy interests of various trust beneficiaries. The information under seal relates to the private holdings of individual beneficiaries.  Courts should "consider the degree to which the subject matter is traditionally considered private rather than public."  *In re Bos. Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003).  "Personal financial information . . . is universally presumed to be private, not public" and has been found sufficient to "outweigh[] any common law presumption."  *Id*; *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

In this case the parties have filed three motions for leave to file under seal (ECF Nos. 266, 271, 275), which the Court has approved.  (ECF Nos. 269, 272, 276).  In order to protect the unnecessary disclosure of personal financial information, the Court will maintain those affidavits, attachments, and unredacted memoranda under seal.  To the extent the parties have yet to file redacted public versions of memoranda, they are directed to do so within 21 days.

For the same reason, the Court's memorandum and order concerning jurisdiction will be filed under seal, and an anonymized version will be filed on the public docket, using the initials rather than the names of individual persons or entities incorporating those names and the motion

2

papers concerning jurisdiction.

Accordingly, and for the foregoing reasons, the Motion to Maintain Confidentiality under Seal for Filing (ECF No. 281) is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor IV |
|  | F. Dennis Saylor IV |
| Dated:  December 18, 2023 | Chief Judge, United States District Court |