UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRT MANAGEMENT, LLC, | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | Civil Action No. |
| | ) | |
| v. | ) | 17-10005-FDS |
| | ) | |
| MALDEN STORAGE, LLC and PLAIN AVENUE STORAGE, LLC, | ) | |
| | ) | |
| Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRIAN WALLACE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION**

**SAYLOR, C.J.**

Plaintiff and counterclaim defendant BRT Management, LLC and third-party defendant Brian Wallace have moved for reconsideration of the Court's Memorandum and Order on Subject Matter Jurisdiction dated December 18, 2023, granting the motion of defendants, counterclaim plaintiffs, and third-party plaintiffs Malden Storage, LLC and Plain Avenue Storage, LLC to confirm jurisdiction and re-enter judgment and denying the motion to dismiss for lack of jurisdiction by BRT and Wallace.

Motions for reconsideration are extraordinary remedies that should be granted sparingly. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006); 11 CHARLES ALAN WRIGHT &

ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 at 128 ("[B]ecause of the narrow purposes for which they are intended, . . . motions [for reconsideration] typically are denied."). When considering such motions, courts must balance the need for finality of decisions against its duty to render just decisions. *Davis v. Lehane*, 89 F. Supp. 2d 142, 147 (D. Mass. 2000).

In order to accommodate those competing interests, motions for reconsideration should be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension." *Ruiz Rivera v. Pfizer Pharms.*, LLC, 521 F.3d 76, 81-82 (1st Cir. 2008). A motion for reconsideration is not a vehicle for a party to "repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *National Metal Finishing Co. v. BarclaysAmerican/Com., Inc.*, 899 F.2d 119, 123 (1st Cir. 1990); *see also Davis*, 89 F. Supp. 2d at 147; *Villanueva-Mendez v. Nieves Vazquez*, 360 F. Supp. 2d 320, 324 (D.P.R. 2005), *aff'd*, 440 F.3d 11 (1st Cir. 2006). Nor is it a forum to highlight a point of disagreement between a litigant and the court or to vent dissatisfaction with the court's reasoning or decision. *Davis*, 89 F. Supp. 2d at 149; *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 310, 314 n.3 (M.D. Pa. 1994).[1]

Here, BRT and Wallace assert two grounds as to why reconsideration is warranted. Both, however, are without merit.

First, BRT and Wallace contend that the court overlooked their request for jurisdictional

---

[1] BRT and Wallace cite Fed. R. Civ. P. 60(b) in addition to Fed. R. Civ. P. 59. As to Rule 60(b)(2), they do not present any newly discovered evidence, rendering the ground inapplicable. There appears to be no colorable argument, nor do they raise one, that Rule 60(b)(3) is relevant. As to Rule 60(b)(4), a court always has jurisdiction to determine its own jurisdiction. WRIGHT & MILLER, 11 FED. PRAC. & PROC. CIV. § 2862 (3d ed.); *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019). Finally, for the reasons set forth in this memorandum and order, the court finds there is no basis under Rules 60(b)(1), (5), or (6) for relief from final judgment.

discovery. On July 20, 2023, the Court set a deadline of August 8, 2023, for requests for discovery. On August 8, 2023, BRT and Wallace filed an opposition to the motion to confirm jurisdiction and a cross-motion to dismiss. They did not file a motion for discovery, nor did they serve discovery requests on Malden or Plain.

On August 17, 2023—after the expiration of the discovery deadline—the Court held a status conference. During that conference, the Court asked whether "additional discovery [was] appropriate under the circumstances[.]" (Status Conf. Tr. 4:7). Counsel for BRT and Wallace stated the following, among other things: "Why not just submit affidavits from each trustee, I'm domiciled in Illinois, I'm domiciled here? . . . if you're not inclined to dismiss this case, I would like to depose both of those affiants" and "I'd be able to ask them what the basis of the information is." (*Id.* 5:21-23; *Id.* 6:2-3).

Later in the conference, the Court asked, "And why did you not seek additional discovery by the August 8th deadline if [the record is] inadequate?" (*Id.* 10:12-13). Counsel for BRT and Wallace responded as follows:

> Because I don't think I need it. I don't think I need to prove that they didn't establish diversity. They have presented no evidence of domicile. They have presented zero, no affidavits of the trustees of where they live, where they bank, where they get their health insurance, where their primary residence is, where they pay taxes, zero, so I didn't think I needed to, your Honor, but if I'm going to have the burden to prove it, then I want to depose them.

(*Id.* 10:14-22).

At the end of the hearing, the Court took the matter under advisement. (*Id.* 14:10-14; ECF No. 279). Following the hearing—and for the next four months—BRT and Wallace filed no motion for discovery, nor did it serve any discovery requests.

When a party ignores a deadline, the court is under no obligation to provide a further opportunity for relief. *Young v. Gordon*, 330 F.3d 76, 82 (1st Cir. 2003) ("In all events, it is

axiomatic that 'a litigant who ignores a case-management deadline does so at his peril.'" (quoting *Rosario-Diaz v. Gonzalez*, 140 F.3d 312, 315 (1st Cir.1998))); *Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 45-46 (1st Cir. 2002); *Rivera-Aponte v. Gomez Bus Line, Inc.*, 62 F.4th 1, 9 (1st Cir. 2023); *see also Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 931 (1st Cir. 2014) (stating the Circuit "typically defer[s] to the trial court's discretion to govern filing deadlines on its own docket and 'will not meddle unless we are persuaded that some exceptional justification exists.'" (quoting *Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc.*, 270 F.3d 1, 7 (1st Cir. 2001))). That alone is sufficient to deny the motion for reconsideration.

Here, even though the deadline had expired, the Court inquired whether BRT and Wallace were seeking additional discovery. Counsel responded that they did not "need" discovery. (Status Conf. Tr. 10:14). Instead, counsel made an oral and conditional request: if the court misapplied the burden of proof, then he would want discovery.

Substantially more than such a conditional statement is required for a court to grant a motion for discovery. To begin, counsel needs to make an actual motion. Under Fed. R. Civ. P. 7(b), "A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." No such motion was made in writing or during the hearing. Counsel did not state the words "motion" or "move"; again, he stated only that *if* the court were to shift the burden of proof to his clients—which, in any event, the Court did not— *then* he would then want to take discovery. And even that conditional statement did not state with particularity the grounds for seeking the order, nor the actual relief sought.

"A motion for reconsideration is not the venue to undo procedural snafus or permit a

4

party to advance arguments it should have developed prior to judgment." *Biltcliffe*, 772 F.3d at 930 (citing *Iverson v. City of Boston*, 452 F.3d 94, 104 (1st Cir.2006)). Under the circumstances, the motion to reconsider as to the failure to seek discovery will be denied.

BRT and Wallace next contend that "the Court's finding of jurisdiction was insufficiently supported by evidence in the record, namely due to its improper consideration of hearsay evidence of domicile contained within the Second A.L.L. Affidavit." (Mem. at 2). That ground largely repeats arguments that the court previously rejected. *See National Metal Finishing Co.*, 899 F.2d at 123 ("Rule 59(e) does not allow the losing party to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier."). As defendants Malden and Plain note, "at no point do [BRT and Wallace] connect their substantive arguments to these [procedural] standards." (Opp. at 6). And the caselaw they raise is either entirely irrelevant or unpersuasive. The Court addressed the support for its finding of jurisdiction and the hearsay issue in particular at length in its December 18, 2023, Memorandum and Order. *BRT Mgmt., LLC v. Malden Storage, LLC*, 2023 WL 8719961, at *5-12 (D. Mass. 2023). It declines to rehash the issue now.

Finally, to the extent BRT and Wallace now move for discovery by stating "BRT restores its request for leave to conduct jurisdictional discovery on the matter," that request is denied as untimely.

For the foregoing reasons, the motion of BRT Management, LLC and Brian Wallace for reconsideration of the Court's Memorandum and Order on Subject Matter Jurisdiction dated December 18, 2023, is DENIED.

**So Ordered.**

                                                      /s/ F. Dennis Saylor IV
                                                      F. Dennis Saylor IV
Dated:  February 5, 2024                    Chief Judge, United States District Court